**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL JOHN GADDY, | No. 17-16743 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-01319-HSG |
| v. | |
| M. TOWNSEND, Appeals Coordinator; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

California state prisoner Michael John Gaddy appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We reverse and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court granted summary judgment on Gaddy's retaliation claim on the basis that Gaddy failed to raise a genuine dispute of material fact as to whether defendants took any adverse action against Gaddy or acted in retaliation. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context). The record shows that Gaddy filed a grievance to correct an error in his disciplinary record, and defendants granted the grievance and corrected the error. However, the first level response to Gaddy's grievance also contained an error, Gaddy filed grievances to correct this error, and all of these grievances were denied and the first level response was never corrected. Because it is unclear from the record why defendants refused to correct the error contained in the first level response, we reverse and remand for further proceedings.

**REVERSED and REMANDED.**